UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STANLEY FREED,                     CLASS ACTION
 Plaintiff, and as Representative       JURY TRIAL
of a Class of similarly situated individuals,

vs.                                     Case No. _____

HOUSING AUTHORITY OF SOUTH BEND,
 Defendant.

## CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES WITH JURY DEMAND

### Introduction

1. This is a civil action to vindicate rights guaranteed by federal law to reside in, and receive benefits from, the Housing Authority of South Bend, IN ("HASB"), an Indiana municipal public housing authority which receives federal financial assistance from the United State Department of Housing and Urban Development ("HUD") and other funding from the State of Indiana and the City of South Bend. Plaintiff Stanley Freed ("Freed") sues: to determine (1) the amount of rent, if any, for which he is responsible in view of his absence of regular income; (2) his right to retain his tenancy in view of a threat by HASB to evict him; (3) his right to remain as a tenant in view of his status as an otherwise qualified individual with a handicap or disability; his rights as a tenant to receive services in view of what is effectively placement of HASB in a de facto receivership by HUD because of chronic and longstanding administrative problems.

2. Freed sues on behalf of a Class of HASB tenants and applicants for tenancy as defined below. He demands trial by jury on all claims so triable and seeks a declaratory judgment, preliminary

and permanent injunctions and damages for himself and the Class, together with an award of reasonable attorney fees.

## Jurisdiction and Venue

Jurisdiction and Venue

3. This Court has subject matter of this case under 28 U.S.C. §1331 and §1343(a)(3) and (4) because: Freed's claims (a) arise under a law of the United States and; (b) he seeks to redress the deprivation or rights secured by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and; (c) he seeks to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

4. Freed invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to plead claims under Indiana law.

5. Venue is proper in the Northern District of Indiana, South Bend Division, because the events alleged arose and are continuing to occur principally in St. Joseph County, IN.

## Parties

6. Freed is an adult man residing at the HASB facility at 501 Alonzo Watson Dr., South Bend. He is not employed and has applied for disability benefits from the Social Security Administration, where his case has been pending for four years. He has only sporadic income, derived principally from selling blood.

7. Freed is an otherwise qualified individual with a handicap, as defined in the Fair Housing Act Amendments ("FHAA"), 42 U.S.C. §3601, et seq. as evidenced by arthritis and mental limitations which leave him medically frail. These conditions, individual and in concern, result

in significant limitations to major life activities as evidenced by his impaired mobility and his impaired ability to think, reason, and use good judgment in evaluation alternatives.

8. For the reasons stated in the preceding paragraph, Freed is an otherwise qualified individual with disability as defined by Title II of the Americans with Disabilities Act ("Title II" or "ADA"), 42 U.S.C. §12131 et seq., and §504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504 or the Rehabilitation Act).

9. HASB is an Indiana municipal housing authority established by IC 36-7-18-4, et seq. It operates the HASB building in which Freed lives. HASB is: (a) a landlord within the meaning of the FHAA (as evidenced by the Freed's tenancy) and; (b) a public entity within the meaning of Title II and; (c) a recipient of federal financial assistance within the meaning of §504. HASB receives millions of dollars from HUD, as well as substantial funding from the State of Indiana and the city of South Bend. HASB is a "person" within the meaning of 42 U.S.C. §1983. HASB is managed by a Board of Commissioners appointed by the mayor of South Bend and, on information and belief, an interim executive director.

10. Because of administrative and fiscal problems, HASB has, at least from January 2011 (and probably earlier) been under the close supervision of HUD. These problems include (1) frequent changes in HASB leadership; (2) resignation and replacement of the HASB Board of Commissioners by the mayor of South Bend; (3) litigation against at least one former executive director for sexual harassment; (4) and numerous complaints from tenants, former tenants and applicants to HUD about problems at HASB. On information and belief HUD has exercised, and continued to exercise, close control over HASB operations, in a manner similar to a receivership.

Facts

11. Freed pays rent to HASB of $25.00 per month. However, Freed has no regular income and he receives no public benefits yet. He is unable to determine how HASB set his rent at the current amount and if, given his lack of income and benefits, he does owe rent to HASB under the statutes and rules governing HUD-funded public housing authorities. On information and belief, HASB sets rent for tenants with no income, pursuant to HASB policies, which do not accurately measure the ability of those tenants to pay the rent amount established.

12. In April, 2016 he suffered an unprovoked physical attack from a visitor to HASB, whom Freed had requested a security officer at HASB to remove from Freed's apartment. As a direct result of this attack, Freed suffered physical injuries, including injuries requiring dental services. The security officer failed to do so and failed to summon South Bend police officers to assist. After this incident HASB blamed Freed and sent Freed a notice threatening eviction. Freed has given HASB a written protest of the eviction notice.

13. Based upon past HASB actions, and pursuant to established HASB policies, HASB may file litigation against Freed in the St. Joseph Superior Court Small Claims Division ("Small Claims Division"), located at 112 S. Lafayette in South Bend. HASB files such eviction cases in the Small Claims Division frequently against tenants alleged to have violated their leases, as evidenced by the docket of the Small Claims Division.

14. The Small Claims Division, pursuant to established policy, (1) sets the eviction cases with immediate possession hearings scheduled as soon as ten days after filing or service on the defendant tenants and (2) sets the time for such hearings at five minutes or less, as evidenced by the docket of the Small Claims Division.

<u>Class Action</u>

15. Pursuant to Fed. R. Civil Proc. 23 (b)(2), Freed states that HASB has acted or refused to act, and will act or refuse to act, on grounds that apply generally to a Class of present, former and future tenants, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole. This allegation is evidenced by the notice sent to Freed, the absence of actions to protect his rights, and the threat of eviction issued to Freed. This allegation is evidenced also by the amount of rent HASB has charged Freed, despite his lack of income.

16. Pursuant to Rule 23 (b)(3), the questions of law or fact common to lass members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, as evidenced by these facts:

    A. HASB has housed, is currently housing, and will house numerous tenants with no income who are otherwise qualified to reside at HASB, as evidenced by the receipt by HASB, for decades, of funds from HUD to house tenants with no income. The exact number is uncertain but, on information and belief, exceeds 40 otherwise qualified individuals.

    B. The class members' interests in individually controlling the prosecution or defense of separate actions, as evidenced by their likely poverty.

    C. There is no other litigation concerning the controversy already begun by or against class members;

    D. The desirability or undesirability of concentrating the litigation of the claims in the particular forum, as evidenced by concerns of issue preclusion to the Plaintiff Class and the Defendants;

    E. There are no unusual difficulties in managing the litigation in the present Court.

F.  The class is so numerous that joinder of all members is impracticable, as evidenced by HASB's housing of, and anticipated housing of, numerous tenants with handicaps or disabilities who are otherwise qualified to reside at HASB, for which HASB received funding from HUD to house tenants with no income.

G.  There are questions of law or fact common to the class, as evidenced by the definition of the proposed Class

H.  the claims or defenses of the representative party, Freed, are typical of the claims or defenses of the class, as evidenced by the definition of the proposed Class and the allegations of this Complaint.

I.  As the representative party, Freed will fairly and adequately protect the interests of the class, as evidenced by this Complaint and the experience of his undersigned counsel.

J.   Freed sues as representative of this class: all past, current and future HASB tenants (1) in need of accurate determination of the amount of rent charged by HASB (2) but who did not or will not receive such accurate determination of the amount of rent charged (C) and who suffered or are likely to suffer injuries as a result of the actions or inaction of HASB, including the injury of being sued in the Small Claims Division.

<u>Proximate Cause and Damages</u>

17.  As a direct result of the events alleged in the paragraph preceding, Freed and the class suffered injuries and losses proximately caused by the actions and failures to act by HASB. These injuries and losses include, but are not limited to, the loss of his right to live at HASB; the loss of bargain in that HASB failed to provide to him the apartment for which he leased and paid rent and security deposit; and his financial loss by his being required to spend his limited money and resources to relocate. He has also suffered physical injury and emotional

trauma/distress because of the anxiety resulting from the events alleged. Those injuries and losses continue on a daily basis because the actions of HASB result in Freed's incurring continuing inconvenience, expense, anxiety and difficulties.

## Equity and Incorporation of Allegations

18. The actions of HASB threaten Freed and the Class with irreparable harm for which damages are an inadequate remedy. Because of their limited income and resources, Freed and the Class require a declaratory judgment of the rights of Freed and the Class so that the actions of HASB do not impair the abilities of Freed and the class to rent and occupy suitable housing. There is a dispute between the parties concerning their legal rights and obligations within the meaning of R. 57 and 28 U.S.C. §2201, et seq. justifying a declaratory judgment. Freed and the Class incorporate all paragraphs into each the following Causes of Action.

## Causes of Action

### First Claim

19. As a person acting under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy, HASB deprived Freed and the Class of due process and equal protection of the law, guaranteed under the Fourteenth Amendment to the Constitution of the United States, as evidenced by (A) HASB's failure to determine an accurate amount of rent for Freed and (B) by HASB's threat to evict Freed because of the incident in which he was injured and (C) by its anticipated filing of litigation in the Small Claims Division.

### Second Claim

20. HASB deprived Freed and the Class of due process and equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States by (A) HASB's failure to

determine an accurate amount of rent for Freed and (B) by HASB's threat to evict Freed because of the incident in which he was injured and (C) by its anticipated filing of litigation in the Small Claims Division.

### Third Claim

21. HASB has violated the rights of Freed and the Class under the United States Housing Act of 1937, as amended, 42 U.S.C. §1401, et seq., by (A) HASB's failure to determine an accurate amount of rent for Freed and (B) by HASB's threat to evict Freed because of the incident in which he was injured and (C) by its anticipated filing of litigation in the Small Claims Division.

### Fourth Claim

22. HASB deprived Ms. Wright and the Class of due course of law as guaranteed by Art. 1, §23 of the Indiana by (A) HASB's failure to determine an accurate amount of rent for Freed and (B) by HASB's threat to evict Freed because of the incident in which he was injured and (C) by its anticipated filing of litigation in the Small Claims Division.

### Fifth Claim

23. HASB has contracted with HUD and agreed to comply with the applicable federal and state law set out in the previous four claims. That contract is in the possession of HASB. HASB breached that contract by (A) HASB's failure to determine an accurate amount of rent for Freed and (B) by HASB's threat to evict Freed because of the incident in which he was injured and (C) by its anticipated filing of litigation in the Small Claims Division. Freed and the Class suffered injuries as a result or the breach and are threatened by future injuries.

### Sixth Claim

24. Freed states, as an individual claim, that HASB violated his rights protected by the Fair Housing Act Amendments by failing to respond to Freed's request that HASB remove the visitor from Freed's apartment and to summon the South Bend police for assistance. After this incident HASB blamed Freed and sent Freed a notice threatening eviction. HASB failed to provide Freed with a requested reasonable accommodation and penalized him for seeking that accommodation.

## Seventh Claim

25. Freed states, as an individual claim, that HASB violated his rights protected by Title II of the ADA by failing to respond to Freed's request that HASB remove the visitor from Freed's apartment and to summon the South Bend police for assistance. After this incident HASB blamed Freed and sent Freed a notice threatening eviction. HASB failed to provide Freed with a requested reasonable accommodation and penalized him for seeking that accommodation.

## Eighth Claim

26. Freed states, as an individual claim, that HASB violated his rights protected by §504 of the Rehabilitation Act by failing to respond to Freed's request that HASB remove the visitor from Freed's apartment and to summon the South Bend police for assistance. After this incident HASB blamed Freed and sent Freed a notice threatening eviction. HASB failed to provide Freed with a requested reasonable accommodation and penalized him for seeking that accommodation.

## Ninth Claim

27. Freed states, as an individual claim, HASB has contracted with HUD and agreed to comply with the FHAA, Title II of the ADA, and §504 of the Rehabilitation ACT.  That contract is in the possession of HASB. HASB breached that contract by failing to respond to Freed's request

that HASB remove the visitor from Freed's apartment and to summon the South Bend police for assistance. After this incident HASB blamed Freed and sent Freed a notice threatening eviction. HASB failed to provide Freed with a requested reasonable accommodation and penalized him for seeking that accommodation.

Relief

Freed and the Class request:

A. Trial by jury on all claims so triable;

B. Upon notice and opportunity for hearing, preliminary and permanent injunctions;

C. Certification of the class;

D. Compensatory and exemplary damages for injuries suffered by Freed and members by of the Class as the proof justifies;

E. A declaratory judgment determining the rights and obligations of the parties after resolution of the disputes between the parties.

F. An award of reasonable, actual attorney fees.

G. Such other relief determined to be appropriate by this Court.

Respectfully submitted,

HULL LAW FIRM

ATTORNEY FOR PLAINTIFF
/s/Kent Hull

Kent Hull, Attorney No.: 8580-71
105 E. Jefferson, Suite 800
South Bend, IN  46601
(574) 239-7029
(574) 287-3116 (Fax)
lowell.k.hull.10@nd.edu